IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> PDD HOLDINGS INC., WHALECO INC., and DOES 1-20, <br><br> Defendants. | Civil Action No. 24-2402 (TJK) <br><br> **DEMAND FOR JURY TRIAL** |

**DEFENDANT WHALECO INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Evidence 201, Defendant Whaleco Inc. ("Whaleco") respectfully requests that the Court take judicial notice of the following documents in consideration of Whaleco's concurrently filed Motion to Dismiss for Failure to State a Claim:

**EXHIBITS TO WHALECO'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**Exhibit A:** Printout of https://us.shein.com webpage *Best Selling Clothing*, available at https://us.shein.com/hotsale/Best-Selling-Clothing-sc-00301507.html, as accessed on October 15, 2024.

**Exhibit B:** Printout of https://us.shein.com webpage *Kids*, available at https://us.shein.com/RecommendSelection/Kids-sc-017185550.html?sort=8&source=sort&sourceStatus=1, as accessed on October 16, 2024.

**Exhibit C:** Printout of https://us.shein.com webpage *Men Clothing*, available at https://us.shein.com/RecommendSelection/Men-Clothing-sc-017172963.html?sort=8&source=sort&sourceStatus=1, as accessed on October 16, 2024.

**Exhibit D:** Printout of https://us.shein.com webpage *Best Selling Dresses*, available at https://us.shein.com/hotsale/Best-Selling-Dresses-sc-00301542.html?sort=8&source=sort&sourceStatus=1, as accessed on October 16, 2024.

**Exhibit E:** Printout of https://us.shein.com webpage *Best Selling Shoes*, available at https://us.shein.com/hotsale/Best-Selling-Shoes-sc-00301544.html?sort=8&source=sort&sourceStatus=1, as accessed on October 16, 2024.

## LEGAL STANDARD

Under Federal Rule of Evidence 201(b), "[a] federal court may take judicial notice of 'a fact that is not subject to reasonable dispute' if it either 'is generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Hurd v. Dist. of Columbia, Gov't*, 864 F.3d 671, 686 (D.C. Cir. 2017) (quoting Fed. R. Evid. 201(b)). Judicial notice may be taken in resolving a motion to dismiss. *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

## ARGUMENT

The Court should take judicial notice of Exhibits A–E because they are pages from the opposing party's corporate website, which that party relied on in its own Complaint. Plaintiff Roadget Business Pte. Ltd. ("Shein") states in its Complaint that it owns "the website located at https://us.shein.com." Compl. ¶ 17. Exhibits A–E are printouts of webpages called "Best Selling Clothing," Ex. A, "Kids," Ex. B, "Men Clothing," Ex. C, "Best Selling Dresses," Ex. D, and "Best Selling Shoes," Ex. E, all of which are from Shein's website. "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *see also Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming district court's decision to take judicial notice of a section of a

2

website); *Brown v. Google LLC,* 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of publicly available webpages); *Piper v. Talbots, Inc.*, 507 F. Supp. 3d 339, 343 (D. Mass. 2020) (taking judicial notice of pages from corporate website that were "publicly accessible" and thus "readily verified through an internet search"); *Canuto v. Mattis*, 273 F. Supp. 3d 127, 133 (D.D.C. 2017) ("The Court may take judicial notice of the information provided on the websites that it has consulted."); *Markowicz v. Johnson*, 206 F. Supp. 3d 158, 161 n.2 (D.D.C. 2016) (taking judicial notice of information posted on government website); *Barron v. Snyder's-Lance, Inc.*, No. 13-cv-62496, 2015 WL 11182066, at *4 (S.D. Fla. Mar. 20, 2015) (taking judicial notice of "a screen shot of an internet retailer's website reflecting the price of a certain product on a certain date"). In particular, courts take judicial notice of pages from the opposing party's website. *See, e.g.*, *Mundo Verde Pub. Charter Sch. v. Sokolov*, 315 F. Supp. 3d 374, 382 (D.D.C. 2018) ("The court may take judicial notice of representations made on Plaintiff's website."). That is especially true where, as here, the opposing party has no basis for "why its own website's posting of [information] is unreliable." *O'Toole*, 499 F.3d at 1225.

That result is particularly appropriate here because Shein expressly cited and relied on its website in its Complaint. *See, e.g.*, Compl. ¶¶ 17, 46, 148. Courts take judicial notice of materials cited or relied on in the complaint. *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (taking judicial notice of public records that were "referred to in the complaint and are integral to [the plaintiff's] claim"); *You Map, Inc. v. Snap Inc.*, No. 20-cv-162, 2021 WL 106498, at *4 (D. Del. Jan. 12, 2021) (taking judicial notice of social media posts "explicitly referenced" in the plaintiff's complaint); *Pagendarm v. Life Ins. Co. of N. Am.*, No. 17-cv-04131, 2017 WL 6405617, at *2 n.2 (N.D. Cal. Dec. 15, 2017) (taking judicial notice of material "referenced in the complaint and relied upon by Plaintiff"); *Mottale v. Kimball Tirey & St. John, LLP*, No. 13-cv-1160, 2013 WL 5570193,

at *1 n.1 (S.D. Cal. Oct. 9, 2013) ("[T]he Court takes judicial notice of these documents because they are matters of public record or, alternatively, Plaintiff has cited to them in his Complaint.").

## CONCLUSION

For the reasons stated above, Whaleco respectfully requests that the Court take judicial notice of Whaleco's Exhibits A–E in connection with Whaleco's Memorandum in Support of Its Motion to Dismiss for Failure to State a Claim.

| | |
|---|---|
| October 16, 2024 | Respectfully submitted, |

*/s/ Anna Naydonov*

| | |
|---|---|
| Anna Naydonov (D.C. Bar No. 980910) | Gregg F. LoCascio (D.C. Bar No. 452814) |
| Michael J. Songer (D.C. Bar No. 453727) | Sean M. McEldowney (*pro hac vice pending*) |
| **WHITE & CASE LLP** | Stephen C. DeSalvo (*pro hac vice pending*) |
| 701 Thirteenth Street, NW | **KIRKLAND & ELLIS LLP** |
| Washington, D.C. 20005 | 1301 Pennsylvania Ave, N.W. |
| Telephone: (202) 626-3600 | Washington, D.C. 20004 |
| Fax: (202) 639-9355 | Telephone: (202) 389-5000 |
| anna.naydonov@whitecase.com | Facsimile: (202) 389-5200 |
| michael.songer@whitecase.com | gregg.locascio@kirkland.com |
| | smceldowney@kirkland.com |
| Glenn M. Kurtz (*pro hac vice*) | stephen.desalvo@kirkland.com |
| Claudine Columbres (*pro hac vice*) | |
| Jacqueline L. Chung (D.C. Bar No. NY0581) | Joshua L. Simmons (*pro hac vice pending*) |
| Camille M. Shepherd (*pro hac vice*) | **KIRKLAND & ELLIS LLP** |
| Rosie Norwood-Kelly (D.C. Bar No. 1780519) | 601 Lexington Avenue |
| **WHITE & CASE LLP** | New York, NY 10022 |
| 1221 Avenue of the Americas | Telephone: (212) 446-4800 |
| New York, NY 10020 | Facsimile: (212) 446-4900 |
| Telephone: (212) 819-8200 | joshua.simmons@kirkland.com |
| Fax: (212) 354-8113 | |
| gkurtz@whitecase.com | |
| ccolumbres@whitecase.com | |
| jacqueline.chung@whitecase.com | |
| camille.shepherd@whitecase.com | |
| rosie.norwood-kelly@whitecase.com | |

*Counsel for Defendants*