UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>PDD HOLDINGS INC., WHALECO, INC., and DOES 1-20,<br><br>    Defendants. | Case No. 24-cv-02402-TJK |

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff Roadget Business Pte. Ltd. ("Plaintiff") requests this Court take judicial notice of the following documents in consideration of Plaintiff's concurrently-filed opposition to PDD Holdings Inc.'s ("PDD") motion to dismiss the complaint for lack of personal jurisdiction:

**Exhibit 1:** PDD's 2023 Annual Report (Form 20-F) (Dec. 31, 2023), filed with the SEC, *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/0001737806/000110465924051610/pdd-20231231x20f.htm. Attached hereto as Ex. 1.

**Exhibit 2:** Pinduoduo Inc. ("Pinduoduo") Code of Business Conduct and Ethics, adopted by the Board of Directors of Pinduoduo on June 29, 2018, posted on PDD's website, *available at* https://investor.pddholdings.com/static-files/640753b9-89ae-447d-8bb0-b4ded881c7a2. Attached hereto as Ex. 2.

**Exhibit 3:** Charter of the Audit Committee of the Board of Directors of Pinduoduo, adopted by the Board of Directors of Pinduoduo on November 20, 2019, posted on PDD's website,

1

*available at* https://investor.pddholdings.com/static-files/5d7dee04-9a72-4bf2-99d1-85203e31c7bf.  Attached hereto as Ex. 3.

I.    LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for a court's exercise of personal jurisdiction over the defendant. *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990).  The Court may consider affidavits and other materials subject to judicial notice to determine the exercise of jurisdiction. *See Stocks v. Cordish Cos., Inc.*, 118 F. Supp. 3d 81, 86 (D.D.C. 2015).  Courts may take judicial notice of any facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

II.   DISCUSSION

Judicial notice of Exhibit 1 — PDD's SEC 2023 Annual Report (Form 20-F) — is proper "[b]ecause SEC filings are matters of public record" and "they are properly the subject of judicial notice . . . on review of defendant['s] motion to dismiss." *DiLorenzo v. Norton*, No. 07-144 (RJL), 2009 WL 2381327, at *2 (D.D.C. July 31, 2009) (taking into account annual report filed with the SEC "among other . . . SEC filings" at motion to dismiss stage); *Middleton v. Pratt*, No. 21-CV-2301 (RC), 2022 WL 3910551, at *8 (D.D.C. Aug. 31, 2022) (on a motion to dismiss "the Court has reviewed the annual reports filed with the SEC" by the defendants); *In re XM Satellite Radio Holdings Sec. Litig.*, 479 F. Supp. 2d 165, 174 (D.D.C. 2007) (taking into account SEC filings at motion to dismiss stage).

Judicial notice of Exhibits 2 and 3—PDD materials obtained from and currently available on PDD's investor relations webpage—is also proper, as "[t]he contents of webpages available

through the Wayback Machine" and created by PDD itself constitute verifiably certain, judicially noticeable facts. *See New York v. Meta Platforms, Inc.*, 66 F.4th 288, 303 (D.C. Cir. 2023) (finding an archived webpage showing "Facebook Platform Policies" posted on Facebook's website and multiple Internet news articles quoting the same policies judicially noticeable, as the facts therein were accurately and readily determined from sources whose accuracy could not reasonably be questioned); *Farah v. Esquire Magazine*, 736 F.3d 528 (D.C. Cir. 2013) ("Judicial notice is properly taken of publicly available historical articles such as were attached to *Esquire*'s motions to dismiss."); *see also Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021) (discussing the frequently used Internet resource Wayback Machine, from which district courts have taken judicial notice of the contents of webpages). More so when the materials were created by PDD. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224–1225 (10th Cir. 2007). In *O'Toole*, the Tenth Circuit held it was error for the trial court to refuse to take judicial notice of historical retirement fund earnings on defendant's website where the petitioner provided the district court with the information, gave the complete address for the page to which the quarterly reports are linked, and argued persuasively that "the information should not be subject to dispute by [defendant] because [defendant] created it." *Id.* at 1225. Thus, petitioner had "addressed all the factors relevant to the application of Rule 201(b)(2)." *Id.*

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of Exhibits 1-3 in connection with Plaintiff's concurrently-filed opposition to PDD's motion to dismiss the complaint for lack of personal jurisdiction.

Dated: November 20, 2024

*/s/ Michael E. Williams*
Michael E. Williams (*pro hac vice*)
michaelwilliams@quinnemanuel.com
John B. Quinn (*pro hac vice*)
johnqunn@quinnemanuel.com
Kevin Y. Teruya (*pro hac vice*)
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

William Burck
williamburck@quinnemanuel.com
Michael D. Bonanno
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
(202) 538-8000

Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

*Attorneys for Plaintiff*
*ROADGET BUSINESS PTE. LTD.*