## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROADGET BUSINESS PTE. LTD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-2402 (TJK) |
| | ) | |
| WHALECO INC., and DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### DEFENDANT WHALECO INC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Whaleco Inc. ("Whaleco"), by and through its undersigned counsel, respectfully submits its Answer and Defenses to Plaintiff Roadget Business Pte. Ltd.'s ("Shein") Complaint.

### GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Whaleco denies all allegations in Shein's Complaint, whether express or implied, except those specifically admitted below. Whaleco repeats the headings recited in the Complaint for convenience. To the extent such headings, or any footnotes or images in Shein's Complaint, contain factual allegations to which a response is required, Whaleco denies all allegations contained within the headings, footnotes, and images in the Complaint. Shein defines "Temu" as "PDD Holdings Inc., WhaleCo, Inc. … and Does 1-20"; Whaleco submits this Answer solely on behalf of Whaleco; Whaleco denies any allegations directed to PDD Holdings Inc. (which the Court has dismissed as a party from this case) and Does 1-20. Each and every allegation, averment, contention, or statement in the Complaint not specifically and unequivocally admitted is denied. Whaleco denies that Shein is entitled to the

1

relief requested or any other relief.  Moreover, Whaleco reserves the right to amend or supplement its Answer, to take further positions, and raise additional defenses based on additional facts or developments that become available or arise during discovery.  The numbered Paragraphs herein correspond to and respond to the numbered Paragraphs set forth in the Complaint.

Whaleco responds to each of the paragraphs of the Complaint as follows:

Shein's Complaint includes un-numbered introductory paragraphs which state legal conclusions that do not appear to be allegations to which a response is required.  Whaleco denies any infringement or illegal acts, denies that Shein is entitled to any relief, and denies any remaining allegations in the introductory paragraphs.

## RESPONSE TO "PRELIMINARY STATEMENT"[1]

1.      Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies those allegations.

2.      Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies those allegations.

3.      Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, denies those allegations.

4.      Whaleco denies the allegations in Paragraph 4.

---

[1]  For purposes of clarity and ease of reference, Whaleco responds to the Complaint using section headings similar to those used by Shein. Nonetheless, the use of this format and these titles should not be construed as an admission on Whaleco's part to any of the facts and/or allegations contained within Shein' Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Whaleco specifically denies all such allegations.

5.      Whaleco admits that Whaleco launched Temu in the United States in September 2022.  Whaleco denies the remaining allegations in Paragraph 5.

6.      Whaleco lacks sufficient knowledge or information regarding the third-party press reports cited in Paragraph 6 and, on that basis, denies those allegations.  Whaleco denies the remaining allegations in Paragraph 6.

7.      Whaleco lacks sufficient knowledge or information regarding the third-party press reports cited in Paragraph 7, and on that basis, denies those allegations.  Whaleco denies the remaining allegations in Paragraph 7.

8.      Whaleco denies the allegations in Paragraph 8.

9.      Whaleco denies the allegations in Paragraph 9.

10.     Paragraph 10 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies any allegation or suggestion that "Temu is" an "infringer," and denies any remaining allegations in Paragraph 10.

11.     Whaleco denies the allegations in Paragraph 11.

12.     The first sentence of Paragraph 12 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies that allegation.  Whaleco denies the remaining allegations in Paragraph 12.

13.     Whaleco denies the allegations in Paragraph 13.

14.     Whaleco denies the allegations in Paragraph 14.

15.     Whaleco admits that Temu is a marketplace where independent third-party sellers can offer their products for sale.  Whaleco denies the remaining allegations in Paragraph 15.

16.     Paragraph 16 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 16.

## RESPONSE TO "THE PARTIES"

### A. Response to "Plaintiff"

17.     Whaleco admits that, to the best of its knowledge, information, and belief, Roadget Business Pte. Ltd. is a private limited company organized under the laws of Singapore.  Whaleco admits that Shein sells certain products in the United States on the Shein Website and Shein App. Whaleco lacks sufficient knowledge or information to confirm Shein's corporate structure, trademark ownership, or business operations, and on that basis denies those allegations. The Court has dismissed the trademark dilution claim, finding Shein failed to allege facts showing its marks are "famous." Dkt. 58 at 26. To the extent any response is required regarding "famous" trademarks, Whaleco denies that allegation. Whaleco denies the remaining allegations in Paragraph 17.

### B. Response to "Defendants"

18.     No answer is required to the allegations in Paragraph 18 given the Court's January 7, 2026 order dismissing PDDH. To the extent an answer may be required, these allegations concern PDDH's corporate structure, ownership, and SEC disclosures — matters as to which Whaleco lacks sufficient knowledge or information to admit or deny or that speak for themselves. Whaleco denies any allegation that it operates as an agent or alter ego of PDDH, and denies the remaining allegations in Paragraph 18.

19.     Whaleco admits that it is a Delaware corporation with a principal place of business at 31 St. James Avenue, Boston, Massachusetts 02116.  Whaleco has done business under the name Temu.  Whaleco admits that it operates the Temu Website and App in the United States.  No answer is required to the remaining allegations in Paragraph 19 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco denies the remaining allegations in Paragraph 19.

4

20.     Paragraph 20 is a legal conclusion for which no answer is required.  Further, no answer is required to the allegations in Paragraph 20 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies those allegations.

21.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies those allegations.

### C.  Response to "Defendants' Corporate Structure"

22.     Whaleco admits that it operates the Temu Website and App in the United States. No answer is required to the remaining allegations in Paragraph 22 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco admits that as of March 2023, the "About Temu" page on the Temu Website contained the excerpted quotation.  Whaleco denies the remaining allegations in Paragraph 22.

23.     No answer is required to the allegations in Paragraph 23 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 23 and, on that basis, denies those allegations.

24.     No answer is required to the allegations in Paragraph 24 given the Court's January 7, 2026 order. To the extent an answer may be required, Whaleco denies the allegations in Paragraph 24.

25.     Whaleco admits that PDDH is not currently referenced on the Temu Website and App.  No answer is required to the remaining allegations in Paragraph 25 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco denies the allegations as to

Whaleco, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, on that basis, denies those allegations.

26.     No answer is required to the allegations in Paragraph 26 given the Court's January 7, 2026 order.  To the extent an answer may be required, Exhibit 3 purports to be an excerpt of a PDD Holdings Inc. SEC filing, which speaks for itself. Whaleco denies the remaining allegations in Paragraph 26.

27.     No answer is required to the allegations in Paragraph 27 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 27 and, on that basis, denies those allegations.

28.     Paragraph 28 is a legal conclusion for which no answer is required.  Further, no answer is required to the allegations in Paragraph 28 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 28.

29.     No answer is required to the allegations in Paragraph 29 given the Court's January 7, 2026 order and, on that basis, Whaleco denies the allegations in Paragraph 29.

30.     Paragraph 30 is a legal conclusion for which no answer is required.  Further, no answer is required to the allegations in Paragraph 30 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 30.

31.     No answer is required to the allegations in Paragraph 31 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 31.

32.     Paragraph 32 is a legal conclusion for which no answer is required.  Further, no answer is required to the allegations in Paragraph 32 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 32.

33.     No answer is required to the allegations in Paragraph 33 given the Court's January 7, 2026 order.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 33.

34.     No answer is required to the allegations in Paragraph 34 given the Court's January 7, 2026 order.  To the extent an answer may be required, the document Shein cites speaks for itself. Whaleco lacks sufficient knowledge or information regarding PDD Holdings Inc.'s SEC filings and, on that basis, denies the remaining allegations in Paragraph 34.

## RESPONSE TO "JURISDICTION AND VENUE"

35.     Paragraph 35 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco does not contest subject matter jurisdiction solely for purposes of this action.  Whaleco denies any remaining allegations in Paragraph 35.

36.     Paragraph 36 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco does not contest subject matter jurisdiction solely for purposes of this action.  Whaleco denies any remaining allegations in Paragraph 36.

37.     Paragraph 37 states legal conclusions to which no answer is required.  To the extent an answer may be required, for purposes of this action only, Whaleco does not contest personal jurisdiction over Whaleco.  Whaleco denies the remaining allegations of Paragraph 37.

38.     Paragraph 38 states legal conclusions to which no answer is required. Further, no answer is required to the allegations in Paragraph 38 given the Court's January 7, 2026 order.  The Court has already held that the Court lacks personal jurisdiction over PDDH. Dkt. 58 at 7 ("PDDH

moves to dismiss under Rule 12(b)(1), arguing that the Court lacks personal jurisdiction over it based on its own contacts with the District or the United States, and that WhaleCo's contacts cannot be imputed to it. The Court agrees."). To the extent an answer may be required, Whaleco denies the allegations in Paragraph 38.

39.     Paragraph 39 states legal conclusions to which no answer is required. Further, no answer is required to the allegations in Paragraph 39 given the Court's January 7, 2026 order.  The Court has already held that the Court lacks personal jurisdiction over PDDH. Dkt. 58 at 7 ("PDDH moves to dismiss under Rule 12(b)(1), arguing that the Court lacks personal jurisdiction over it based on its own contacts with the District or the United States, and that WhaleCo's contacts cannot be imputed to it. The Court agrees."). To the extent an answer may be required, Whaleco denies the allegations in Paragraph 39.

40.     Paragraph 40 states legal conclusions to which no answer is required. Further, no answer is required to the allegations in Paragraph 40 given the Court's January 7, 2026 order.  The Court has already held that the Court lacks personal jurisdiction over PDDH. Dkt. 58 at 7 ("PDDH moves to dismiss under Rule 12(b)(1), arguing that the Court lacks personal jurisdiction over it based on its own contacts with the District or the United States, and that WhaleCo's contacts cannot be imputed to it. The Court agrees."). To the extent an answer may be required, Whaleco denies the allegations in Paragraph 40.

41.     No answer is required to the allegations in Paragraph 41 given the Court's January 7, 2026 order.  The Court has already held that the Court lacks personal jurisdiction over PDDH. Dkt. 58 at 7 ("PDDH moves to dismiss under Rule 12(b)(1), arguing that the Court lacks personal jurisdiction over it based on its own contacts with the District or the United States, and that

WhaleCo's contacts cannot be imputed to it. The Court agrees."). To the extent an answer may be required, Whaleco denies the allegations in Paragraph 41.

42.     No answer is required to the allegations in Paragraph 42 given the Court's January 7, 2026 order.  The Court has already held that the Court lacks personal jurisdiction over PDDH. Dkt. 58 at 7 ("PDDH moves to dismiss under Rule 12(b)(1), arguing that the Court lacks personal jurisdiction over it based on its own contacts with the District or the United States, and that WhaleCo's contacts cannot be imputed to it. The Court agrees."). To the extent an answer may be required, Whaleco denies the allegations.

43.     No answer is required to the allegations in Paragraph 43 given the Court's January 7, 2026 order.  The Court has already held that the Court lacks personal jurisdiction over PDDH. Dkt. 58 at 7 ("PDDH moves to dismiss under Rule 12(b)(1), arguing that the Court lacks personal jurisdiction over it based on its own contacts with the District or the United States, and that WhaleCo's contacts cannot be imputed to it. The Court agrees."). To the extent an answer may be required, Whaleco denies the allegations in Paragraph 43.

44.     Paragraph 44 states legal conclusions to which no answer is required.  To the extent an answer may be required, for the purposes of this action only, Whaleco does not contest that venue is appropriate in this District.  Whaleco denies the remaining allegations in Paragraph 44.

## RESPONSE TO "SHEIN'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS"

### A.  Response to "Trade Secrets Relating to SHEIN's Business Operations"

45.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 45 and, on that basis, denies those allegations.

46.     Paragraph 46 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 46 and, on that basis, denies those allegations.

47.     Paragraph 47 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco denies that the so-called "SHEIN Best Seller Data" is highly confidential, proprietary, and cannot be obtained from any public sources.  Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and, on that basis, denies those allegations.

48.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 48 and, on that basis, denies those allegations.

**B.  Response to "SHEIN's Copyrights"**

49.     Paragraph 49 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 49 and, on that basis, denies those allegations.

50.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 50 and, on that basis, denies those allegations.

51.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 51 and, on that basis, denies those allegations.

52.     Paragraph 52 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 52 and, on that basis, denies those allegations.

53.     Whaleco admits that Exhibit 9 purports to be a set of copies of Certificates of Registration for copyright.  Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and, on that basis, denies those allegations.

54.     Paragraph 54 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 54.

### C.  Response to "The SHEIN Brand And Affiliate Trademarks"

55.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 55 and, on that basis, denies those allegations.

56.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 56 and, on that basis, denies those allegations.

57.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 57 and, on that basis, denies those allegations.

58.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 58 and, on that basis, denies those allegations.

59.     No answer is required to the allegations in Paragraph 59 that Shein's brands or marks have "become famous" given the Court's January 7, 2026 order. Dkt. 58 at 26 (dismissing Count 11, finding: "WhaleCo argues that Shein's trademark-dilution claim fares no better because the complaint fails to allege facts showing that Shein's marks are sufficiently 'famous'—the key ingredient in a federal claim for trademark dilution…. The Court agrees."). Further, Paragraph 59 contains legal conclusions to which no answer is required. To the extent an answer may be required, Whaleco denies the allegations in Paragraph 59.

60.     Paragraph 60 states legal conclusions to which no answer is required. To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 60, and, on that basis, denies those allegations.

61.     Paragraph 61 states legal conclusions to which no answer is required. To the extent an answer may be required, Whaleco denies the allegations in Paragraph 61.

62.     Paragraph 62 states legal conclusions to which no answer is required. To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 60, and, on that basis, denies those allegations.

63.     Paragraph 63 states legal conclusions to which no answer is required. To the extent an answer may be required, Whaleco denies the allegations in Paragraph 63.

### <u>RESPONSE TO "TEMU'S UNLAWFUL CONDUCT"</u>

64.     Whaleco admits that Temu is an online marketplace where independent third-party sellers offer products, including apparel, for sale. Whaleco admits that Temu and Shein compete

at least with respect to sales of certain products.  Whaleco admits that Temu launched in the United States in September 2022. Whaleco denies the remaining allegations in Paragraph 64.

### A.  Response to "Temu Has Stolen Valuable Trade Secrets Relating to SHEIN's Business Operations"

65.    Whaleco denies the allegations in Paragraph 65.

66.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 66 and, on that basis, denies those allegations.

67.    Whaleco denies the allegations in Paragraph 67.

68.    Whaleco denies the allegations in Paragraph 68.

69.    Whaleco denies the allegations in Paragraph 69.

70.    Whaleco denies the allegations in Paragraph 70.

71.    Paragraph 71 asserts a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 71.

72.    Whaleco denies the allegations in Paragraph 72.

73.    Whaleco denies the allegations in Paragraph 73.

74.    Whaleco denies the allegations in Paragraph 74.

75.    Whaleco denies the allegations in Paragraph 75.

76.     Whaleco denies any allegation of trade secret theft.  Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the remaining allegations contained in Paragraph 76 and, on that basis, denies those allegations.

### B.  Response to "Temu Is Not A Legitimate Marketplace"

77.    Paragraph 77 states legal conclusions to which no answer is required. To the extent an answer may be required, Whaleco denies the allegations in Paragraph 77.

78.    Whaleco denies the allegations in Paragraph 78.

79.    Whaleco denies the allegations in Paragraph 79.

80.    Whaleco admits that certain sellers may be involved in the warehousing and distribution of products.  Whaleco denies the remaining allegations in Paragraph 80.

81.    Whaleco denies any infringement or inducement of infringement, and denies all remaining allegations in Paragraph 81.

82.    Whaleco denies the allegations in Paragraph 82.

83.    Whaleco denies the allegations in Paragraph 83.

84.    Whaleco admits that it maintains policies against infringement, including the right under certain circumstances to terminate, delist, or otherwise penalize sellers who engage in IP infringement.  Whaleco denies the remaining allegations in Paragraph 84

85.    Whaleco denies the allegations in Paragraph 85.

86.    Whaleco admits that it has, in certain instances, supported Temu sellers against what Whaleco believes to be unfounded legal claims by Shein.  Whaleco denies the remaining allegations in Paragraph 86.

87.    Whaleco denies the allegations in Paragraph 87.

### C.  Response to "Temu Has Infringed SHEIN's Copyrights"

88.    Paragraph 88 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 88.

89.    Paragraph 89 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 89.

90.    Whaleco denies the allegations in Paragraph 90.

91.    Whaleco denies the allegations in paragraph 91.

92.     Paragraph 92 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 92.

93.     Paragraph 93 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 93.

94.     Whaleco denies the allegations in paragraph 94.

95.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 95 and, on that basis, denies those allegations..

96.      Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 96 and, on that basis, denies the allegations in Paragraph 96.

97.     Paragraph 97 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 97.

98.     Whaleco denies the allegations in Paragraph 98.

**D.  Response to "Temu Infringed The Famous SHEIN Mark"**

99.     Whaleco denies the allegations in Paragraph 99.

(i)     Response to "Temu's Use of Infringing Ads"

100.    Paragraph 100 contains legal conclusions for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 100.

101.    Whaleco denies the allegations in Paragraph 101.

102.    Whaleco denies the allegations in Paragraph 102.

103.    Paragraph 103 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 103.

104.    Paragraph 104 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 104.

105.    Whaleco denies the allegations in Paragraph 105.

106.    Whaleco denies the allegations in Paragraph 106.

(ii)    Response to "Temu's Fraudulent X (formerly Twitter) Accounts"

107.    Whaleco denies the allegations in Paragraph 107.

108.    Whaleco denies the allegations in Paragraph 108.

109.    Paragraph 109 is a legal conclusion for which no answer is required.  To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 109 and, on that basis, denies those allegations.

110.    Whaleco denies the allegations in Paragraph 110.

111.    Whaleco denies the allegations in Paragraph 111.

112.    Whaleco denies the allegations in Paragraph 112.

113.    Whaleco denies the allegations in Paragraph 113.

114.    Whaleco denies the allegations in Paragraph 114.

115.    Whaleco denies the allegations in Paragraph 115.

116.    Whaleco denies the allegations in Paragraph 116.

117.    Whaleco denies the allegations in Paragraph 117.

118.    Whaleco denies the allegations in Paragraph 118.

119.    Whaleco denies the allegations in Paragraph 119.

(iii)    Response to "Temu's Use Of Product Photos Displaying The SHEIN Label"

120.    Whaleco denies the allegations in Paragraph 120.

121.    Whaleco operates a marketplace where third-party sellers offer products. Whaleco denies the allegations in Paragraph 121.

            (iv)    Response to "Temu's Infringing Use of the SHEIN Mark and Affiliate Brand Marks on Temu Webpages"

122.    Whaleco denies the allegations in Paragraph 122.

123.    Whaleco denies the allegations in Paragraph 123.

124.    Whaleco denies the allegations in Paragraph 124.

125.    Whaleco denies the allegations in Paragraph 125.

126.    Whaleco denies the allegations in Paragraph 126.

127.    Whaleco denies the allegations in Paragraph 127.

128.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegation that "Many products offered for sale on the SHEIN Website and/or through the SHEIN App do not prominently display a SHEIN mark or Affiliate Brand in the product listing or product name," and on that basis, denies this allegation. Whaleco denies the remaining allegations in Paragraph 128.

129.    Whaleco denies the allegations in Paragraph 129.

            (v)    Response to "Temu's Listing and Sale of Counterfeit ROMWE Jackets"

130.    Whaleco denies the allegations in Paragraph 130.

131.    Whaleco denies the allegations in Paragraph 131.

132.    Whaleco denies the allegations in Paragraph 132.

133.    Whaleco denies the allegations in Paragraph 133.

134.    Paragraph 134 is a legal conclusion for which no answer is required. To the extent an answer may be required, Whaleco denies the allegations in Paragraph 134.

135.    Whaleco denies the allegations in Paragraph 135.

### E.  Response to "Trade Libel/False Advertisements"

136.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 136 and, on that basis, denies those allegations.

137.    Whaleco admits that it has engaged third parties to promote Temu.  Whaleco denies the remaining allegations in Paragraph 137.

138.    Whaleco admits that it has provided guidelines to third parties, which speak for themselves.  Whaleco denies the remaining allegations in Paragraph 138.

139.    Whaleco admits that Paragraph 139 references an exhibit that purports to speak for itself.  Whaleco denies the remaining allegations in Paragraph 139.

140.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 140 and, on that basis, denies those allegations.

141.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 141 and, on that basis, denies those allegations.

142.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 142 and, on that basis, denies those allegations.

143.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 143 and, on that basis, denies those allegations.

144.    Whaleco denies the allegations in Paragraph 144.

145.    Paragraph 145 states legal conclusions to which no answer is required.  To the extent a response is required, the referenced document speaks for itself and Whaleco denies Shein's characterizations thereof.

146.    Whaleco denies the allegations in Paragraph 146.

## **RESPONSE TO "COUNT I**

## **MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836)"**

147.    Whaleco denies the allegations in Paragraph 147.

148.    Whaleco denies the allegations in Paragraph 148.

149.    Whaleco denies that the so-called "SHEIN Best Seller Data" is not generally known to the public.  Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the remaining allegations contained in Paragraph 149 and, on that basis, denies those allegations.

150.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 150 and, on that basis, denies those allegations.

151.    Whaleco denies the allegations in Paragraph 151.

152.    Whaleco denies the allegations in Paragraph 152.

153.    Whaleco denies the allegations in Paragraph 153.

154.    Whaleco denies the allegations in Paragraph 154.

155.    Whaleco denies the allegations in Paragraph 155.

156.    Whaleco denies the allegations in Paragraph 156.

**RESPONSE TO "COUNT II**

**Misappropriation of Trade Secrets in Violation of the D.C. Uniform Trade Secrets Act (D.C. Code § 36-401 et seq.)"**

157.     Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

158.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 158 and, on that basis, denies those allegations.

159.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 159 and, on that basis, denies those allegations.

160.     Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 160 and, on that basis, denies those allegations.

161.     Whaleco denies the allegations in Paragraph 161.

162.     Whaleco denies the remaining allegations in Paragraph 162.

163.     Whaleco denies the allegations in Paragraph 163.

164.     Whaleco denies the allegations in Paragraph 164.

165.     Whaleco denies the allegations in Paragraph 165.

166.     Whaleco denies the allegations in Paragraph 166.

**RESPONSE TO "COUNT III**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)"**

167.     Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

168.    Paragraph 168 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 168.

169.    Paragraph 169 states legal conclusions to which no answer is required. To the extent an answer may be required, Whaleco denies the allegations in Paragraph 169.

170.    Paragraph 170 states legal conclusions to which no answer is required. To the extent an answer may be required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 170 and, on that basis, denies those allegations.

171.    Whaleco is not presently aware of any written license agreement with Shein. Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 171 and, on that basis, denies those allegations.

172.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 172 and, on that basis, denies those allegations.

173.    Whaleco denies the allegations in Paragraph 173.

174.    Whaleco denies the allegations in Paragraph 174.

175.    Whaleco denies the allegations in Paragraph 175.

176.    Whaleco denies the allegations in Paragraph 176.

177.    Whaleco denies the allegations in Paragraph 177.

178.    Whaleco denies the allegations in Paragraph 178.

## RESPONSE TO "COUNT IV

## CONTRIBUTORY COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)"

179.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

180.    Whaleco denies the allegations in Paragraph 180.

181.    Paragraph 181 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 181.

182.    Whaleco denies the allegations in Paragraph 182.

183.    Whaleco admits that Shein has sent takedown notices to Whaleco.  Whaleco denies the remaining allegations in Paragraph 183.

184.    Whaleco denies the allegations in Paragraph 184.

185.    Whaleco denies the allegations in Paragraph 185.

186.    Whaleco denies the allegations in Paragraph 186.

187.    Whaleco denies the allegations in Paragraph 187.

188.    Whaleco denies the allegations in Paragraph 188.

189.    Whaleco denies the allegations in Paragraph 189.

## RESPONSE TO "COUNT V

## VICARIOUS COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)"

190.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

191.    Whaleco denies the allegations in Paragraph 191.

192.    Whaleco denies the allegations in Paragraph 192.

193.    Whaleco admits that Shein has sent takedown notices to Whaleco.  Whaleco denies the remaining allegations in Paragraph 193.

194.    Whaleco denies the allegations in Paragraph 194.

195.    Whaleco denies the allegations in Paragraph 195.

196.    Whaleco denies the allegations in Paragraph 196.

197.    Whaleco denies the allegations in Paragraph 197.

## RESPONSE TO "COUNT VI

## INDUCEMENT OF COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)"

198.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

199.    Whaleco denies the allegations in Paragraph 199.

200.    Whaleco denies the allegations in Paragraph 200.

201.    Whaleco denies the allegations in Paragraph 201.

202.    Whaleco denies the allegations in Paragraph 202.

203.    Whaleco denies the allegations in Paragraph 203.

## RESPONSE TO "COUNT VII

## FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)"

204.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

205.    Paragraph 205 is a legal conclusion for which no answer is required. To the extent an answer is required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 205 and, on that basis, denies those allegations.

206.    Paragraph 206 states legal conclusions to which no answer is required.  To the extent an answer is required, Whaleco denies the allegations in Paragraph 206.

207.    Whaleco denies the allegations in Paragraph 207.

208.    Whaleco denies the allegations in Paragraph 208.

209.    Whaleco denies the allegations in Paragraph 209.

210.    Whaleco denies the allegations in Paragraph 210.

211.    Whaleco denies the allegations in Paragraph 211.

## RESPONSE TO "COUNT VIII

### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)"

212.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

213.    Paragraph 213 is a legal conclusion for which no answer is required.  To the extent an answer is required, Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 213 and, on that basis, denies those allegations.

214.    Paragraph 214 states legal conclusions to which no answer is required.  To the extent an answer is required, Whaleco denies the allegations in Paragraph 214.

215.    Whaleco denies the allegations in Paragraph 215.

216.    Whaleco denies the allegations in Paragraph 216.

217.    Whaleco denies the allegations in Paragraph 217.

218.    Whaleco denies the allegations in Paragraph 218.

219.    Whaleco denies the allegations in Paragraph 219.

## RESPONSE TO "COUNT IX

### CONTRIBUTORY TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)"

220.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

221.    Whaleco denies the allegations in Paragraph 221.

222.    Whaleco denies the allegations in Paragraph 222.

223.    Whaleco denies the allegations in Paragraph 223.

224.    Whaleco denies the allegations in Paragraph 224.

225.    Whaleco denies the allegations in Paragraph 225.

226.    Whaleco denies the allegations in Paragraph 226.

## RESPONSE TO "COUNT X

### VICARIOUS TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)"

227.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

228.    Paragraph 228 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 228.

229.    Whaleco denies the remaining allegations in Paragraph 229.

230.    Whaleco denies the allegations in Paragraph 230.

231.    Whaleco denies the allegations in Paragraph 231.

232.    Whaleco denies the allegations in Paragraph 232.

## RESPONSE TO "COUNT XI

**FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))"**

233.    The Court dismissed Count XI and no response is required. Dkt. 57.  To the extent a response may be required, Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

234.    The Court dismissed Count XI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 234.

235.    The Court dismissed Count XI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 235.

236.    The Court dismissed Count XI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 236.

237.    The Court dismissed Count XI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 237.

238.    The Court dismissed Count XI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 238.

239.    The Court dismissed Count XI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 239.

## RESPONSE TO "COUNT XII

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))"**

240.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

241.    Paragraph 241 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 241.

242.    Whaleco denies the allegations in Paragraph 242.

243.    Whaleco denies the allegations in Paragraph 243.

244.    Whaleco denies the allegations in Paragraph 244.

245.    Whaleco denies the allegations in Paragraph 245.

## RESPONSE TO "COUNT XIII

### UNFAIR COMPETITION
### (DISTRICT OF COLUMBIA COMMON LAW)"

246.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

247.    Whaleco denies the allegations in Paragraph 247.

248.    Whaleco denies the allegations in Paragraph 248.

249.    Paragraph 249 states legal conclusions to which no answer is required.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 249.

250.    Whaleco denies the allegations in Paragraph 250.

251.    Whaleco denies the allegations in Paragraph 251.

252.    Whaleco denies the allegations in Paragraph 252.

253.    Whaleco denies the allegations in Paragraph 253.

## RESPONSE TO "COUNT XIV

### FEDERAL FALSE ADVERTISING
### (15 U.S.C. § 1125(a)(1)(B))"

254.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

255.     Whaleco denies the allegations in Paragraph 255.

256.    Whaleco denies the allegations in Paragraph 256.

257.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 257 and, on that basis, denies those allegations.

258.    Whaleco denies the allegations in Paragraph 258.

259.    Whaleco denies the allegations in Paragraph 259.

### RESPONSE TO "COUNT XV

### CONTRIBUTORY FALSE ADVERTISING
### (15 U.S.C. § 1125(a))"

260.    Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

261.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 261 and, on that basis, denies those allegations.

262.    Whaleco denies the allegations in Paragraph 262.

263.    Whaleco lacks sufficient knowledge or information at this time on which to form a belief as to the truth of the allegations contained in Paragraph 263 and, on that basis, denies those allegations.

264.    Whaleco admits that it has provided guidelines to third parties.  Whaleco denies the remaining allegations in Paragraph 264.

265.    Whaleco denies the allegations in Paragraph 265.

266.    Whaleco denies the allegations in Paragraph 266.

## RESPONSE TO "COUNT XVI

### PRODUCT DISPARAGEMENT AND TRADE LIBEL
### (MASSACHUSETTS COMMON LAW)"

267.    The Court dismissed Count XVI and no response is required. Dkt. 57. To the extent any response is required, Whaleco repeats its responses to the foregoing paragraphs as if fully set forth herein.

268.    The Court dismissed Count XVI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 268.

269.    The Court dismissed Count XVI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 269.

270.    The Court dismissed Count XVI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 270.

271.    The Court dismissed Count XVI and no response is required. Dkt. 57.  To the extent an answer may be required, Whaleco denies the allegations in Paragraph 271.

## RESPONSE TO "PRAYER FOR RELIEF"

Whaleco denies that it is liable to Shein for damages or any other relief prayed for in the Complaint and denies that Shein is entitled to any injunctive relief.  Whaleco denies that Shein is entitled to any relief.

## WHALECO'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Whaleco demands a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

Whaleco sets forth below its affirmative defenses. At this time, Whaleco lacks sufficient information upon which to form a belief as to whether it has additional affirmative defenses. Whaleco reserves the right to assert additional affirmative defenses should it become aware of facts upon which additional affirmative defenses may be based. By setting forth affirmative defenses, Whaleco does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff.

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

Shein's claims fail because the Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE: DIGITAL MILLENIUM COPYRIGHT ACT

Shein's claims are barred, at least in part, by 17 U.S.C § 512.  Temu is a service provider entitled to the Digital Millennium Copyright Act safe harbor.

### THIRD AFFIRMATIVE DEFENSE: COPYRIGHT MISUSE

Shein's claims are barred, at least in part, by the doctrine of copyright misuse. Shein has extended its copyrights beyond the scope of the statutory rights conferred on copyright holders.

### FOURTH AFFIRMATIVE DEFENSE: KNOWING MISREPRESENTATIONS

Shein's claims are barred, at least in part, by the common law doctrine of fraud on the Copyright Office and 17 U.S.C. § 411. Shein's copyright registrations were procured based on knowing misrepresentations to the Copyright Office, including that they cover works for which Shein does not own the copyrights and/or entered into coercive, invalid transfers of those rights; and that Shein misrepresented key facts, including without limitation publication dates, publication

status, and ownership, and the dates by which it held an ownership interest, if any, in the registered works.

## FIFTH AFFIRMATIVE DEFENSE: NOMINATIVE FAIR USE

Shein's claims are barred, at least in part, by the doctrine of nominative fair use. Any reference to Shein's alleged trademarks by Whaleco was to accurately describe Shein and/or its products.

## SIXTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

Shein's claims are barred, at least in part, by the doctrine of unclean hands. Shein's own conduct is fraudulent and unlawful, and it bears a direct relation to the accused conduct here. For example, Shein seeks to punish Whaleco for Shein's own unlawful weaponization of the copyright system.

## SEVENTH AFFIRMATIVE DEFENSE: LACHES, ESTOPPEL, AND ACQUIESCENCE

Shein's claims are barred, at least in part, by the doctrines of laches, estoppel, and acquiescence. For example, Shein previously brought substantially similar claims against Whaleco in prior litigation and dismissed them. Whaleco relied upon this affirmative act to its detriment including in that it committed resources to accused marketing strategy and continued to expand its sales and distribution.

## EIGHTH AFFIRMATIVE DEFENSE: STANDING

Shein's claims are barred, at least in part, because Shein lacks constitutional and statutory standing to bring them.

## NINTH AFFIRMATIVE DEFENSE: PUFFERY

Shein's claims are barred, at least in part, by the doctrine of puffery and therefore the accused statements are nonactionable.

## TENTH AFFIRMATIVE DEFENSE: OPINION

Shein's claims are barred, at least in part, because the accused representations are opinion.

## ELEVENTH AFFIRMATIVE DEFENSE: SUBSTANTIAL NON-INFRINGING USE

Shein's claims are barred, at least in part, because Temu has provided a tool that is capable of substantial, non-infringing uses.

## TWELVETH AFFIRMATIVE DEFENSE: FIRST AMENDMENT

Shein's claims are barred, at least in part, by the First Amendment to the U.S. Constitution.

## RESERVATION OF RIGHTS

Whaleco hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, which become applicable in the course of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Whaleco respectfully requests judgment against Plaintiff Shein as follows:

A. Deny Shein all relief requested in the Complaint and dismiss the Complaint with prejudice.

B. Declare that Whaleco has not misappropriated Shein's asserted trade secret.

C. Declare that Whaleco has not infringed any of Shein's asserted copyrights.

D. Declare that Whaleco has not contributorily infringed any of Shein's asserted copyrights.

E. Declare that Whaleco has not vicariously infringed any of Shein's asserted copyrights.

F. Declare that Whaleco has not induced infringement of any of Shein's asserted copyrights.

G.   Declare that Whaleco has not used counterfeit Shein trademarks.

H.   Declare that Whaleco has not infringed Shein's asserted trademarks.

I.   Declare that Whaleco has not contributorily infringed Shein's asserted trademarks.

J.   Declare that Whaleco has not vicariously infringed Shein's asserted trademarks

K.   Declare that Whaleco has not unfairly competed with Shein.

L.   Declare that Whaleco has not engaged in false advertising.

M.   Declare that Whaleco has not contributorily engaged in false advertising.

N.   Award Whaleco attorney's fees and all other costs reasonably incurred in defense of this action to the extent provided by law; and

O.   Grant such other, further, and different relief as the Court deems just and proper.


February 4, 2026                                         Respectfully submitted,

                                                         */s/ Stephen C. DeSalvo*

Joshua L. Simmons (*pro hac vice*)                       Gregg F. LoCascio (D.C. Bar No. 452814)
**KIRKLAND & ELLIS LLP**                                 Sean M. McEldowney (*pro hac vice*)
601 Lexington Avenue                                     Jason M. Wilcox (D.C. Bar No. 1011415)
New York, NY 10022                                       Stephen C. DeSalvo (*pro hac vice*)
Telephone: (212) 446-4800                                **KIRKLAND & ELLIS LLP**
Facsimile: (212) 446-4900                                1301 Pennsylvania Ave, N.W.
joshua.simmons@kirkland.com                              Washington, D.C. 20004
                                                         Telephone: (202) 389-5000
                                                         Facsimile: (202) 389-5200
                                                         gregg.locascio@kirkland.com
                                                         smceldowney@kirkland.com
                                                         jason.wilcox@kirkland.com
                                                         stephen.desalvo@kirkland.com

                                                         *Counsel for Defendants*